**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
                                    )   Civil Action
v.                                  )   No. 98-cr-10097-PBS
                                    )
LAWRENCE B. HILTZ                   )
                                    )
              Defendant.            )
_____)

**ORDER RE RESTITUTION**

July 30, 2020

Saris, D.J.

1. After consideration of Defendant's objections, the Court **ADOPTS** the Report and Recommendation (Dkt. 197) on Defendant's motion to vacate restitution (Dkt. 172) and Defendant's motion to cease collection and enforcement of restitution (Dkt. 191) and **DENIES** the motions, although on different grounds and with the following clarifications.

2. While it was improper to name Liquid PC as a substitute victim in the place of Matrix Marketing, the Court does not have persuasive evidence that it was done with the intent to defraud creditors.

3. The judgment (Dkt. 152) is therefore amended to substitute Michael Clark, former president of Matrix Marketing, and Jeffrey Londres, as victims entitled to receive restitution payments in the place of Matrix Marketing. Mr. Clark and

Mr. Londres each owned 50 percent of Matrix's stock before Matrix Marketing was dissolved.

4. The judgment (Dkt. 152) is amended to strike the restitution owed to Applied Innovations in the amount of $149,240.00.

5. The current restitution balance shall be reduced by the amounts already paid to Liquid PC pursuant to 18 U.S.C. § 3663A totaling $4,070.97.

6. All future restitution payments shall be divided equally between Mr. Clark and Mr. Londres.

7. This ruling is without prejudice to any motion by Defendant to modify payment amounts or frequency pursuant to 28 U.S.C. § 3204(b).

8. The Government shall submit an amended judgment within seven days.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge