


# United States Court of Appeals
## For the First Circuit

No. 20-1856

UNITED STATES,

Appellee,

v.

LAWRENCE B. HILTZ,

Defendant - Appellant.

Before

Barron, Chief Judge,
Lynch and Howard, Circuit Judges.

**JUDGMENT**

Entered: June 26, 2023

    Defendant-appellant Lawrence Bruce Hiltz has filed the instant appeal challenging parts of the district court's order regarding restitution (D. Ct. Dkt. #218) and parts of the related amended judgment substituting victims for purposes of restitution (D. Ct. Dkt. #222). Neither party has challenged the district court's electronic order (D. Ct. Dkt. #207) removing Liquid PC as substitute restitution payee, and that ruling remains undisturbed. Hiltz has filed a principal brief, and the government has filed a motion for limited remand, seeking resentencing as to restitution only, which Hiltz has opposed. Hiltz also has filed a motion to stay further restitution payments. Further, this court directed the parties to address the implications, if any, of this court's opinion in United States v. Harvey, 20 F.4th 71 (1st Cir. 2021), and the government has filed a responsive paper. The court has carefully considered the parties' filings and the record on appeal.

    Because the district court lacked subject matter jurisdiction to amend the restitution portion of the criminal judgment, the order regarding restitution and the amended judgment substituting victims for purposes of restitution (D. Ct. Dkt. ##218, 222) are vacated. See Harvey, 20 F.4th at 72 (holding that "the district court was divested of jurisdiction over the restitution order once the order was entered as part of [the defendant's] final criminal judgment"). This court leaves it to the district court to determine in the first instance, after soliciting appropriate input from the parties, the appropriate next steps in light of the foregoing.

The government has filed a motion for limited remand, suggesting that Hiltz might be resentenced under a different restitution statute that, in the government's view, should have been applied at the original sentencing due to ex post facto concerns. The government suggests that such a resentencing might alleviate the concerns identified by this court in <u>Harvey</u>. To the extent not mooted by the foregoing, that motion is <u>denied</u>, as the government has not cited any authority which would permit the proposed resentencing, more than twenty years after the criminal judgment became final. Moreover, the operative notice of appeal does not encompass the original criminal judgment, and the amended judgment now has been vacated for lack of jurisdiction when entered. <u>See generally</u> Fed. R. App. P. 3 & 4. Any other pending motions, to the extent not mooted by the foregoing, are <u>denied</u>.

By the Court:

Maria R. Hamilton, Clerk

cc:
Hon. Patti B. Saris
Robert Farrell, Clerk, United States District Court for the District of Massachusetts
Lawrence Bruce Hiltz
Donald Campbell Lockhart
Alexandra W. Amrhein
Raquelle L. Kaye